UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------X

UNITED STATES OF AMERICA

    - against -

ANDERSON ANTIGUA,

               Defendant.

------------------------------------X

S2 08 Cr. 890-01 (RWS)

SENTENCING OPINION

**Sweet, D.J.**

      On August 31, 2010, Anderson Antigua ("Antigua" or "Defendant") pleaded guilty to one count of conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C § 1951; two counts of Hobbs Act Robbery, 18 U.S.C §§ 1951 & 2; two counts of carrying, possessing, and brandishing a firearm in relation to a crime of violence, in violation of 18 U.S.C §§ 924(c)(1)(A)(ii) & 2; and one count of conspiracy to distribute and possess with intent to distribute more than 5 kilograms of cocaine, in violation of 21 U.S.C §§ 841(b)(1)(A) & 846.

      For the reasons set forth below, Antigua will be sentenced to 552 months' imprisonment to be followed by 5 years' supervised release. Defendant will forfeit to the United States

all property involved in the offenses or traceable to them. Antigua will also be required to pay a special assessment of $600.

## Prior Proceedings

On August 31, 2010, six-count Information S2 08 Cr. 890-01 (RWS) was filed in the Southern District of New York.

Count 1 charges that from at least 2003 through 2008, in the Southern District of New York and elsewhere, Antigua, a/k/a "Moreno," a/k/a "Picante," a/k/a "Morenjae," and others conspired to commit robberies of persons engaged in narcotics trafficking and/or commercial activities that affected interstate commerce, in violation of 18 U.S.C. § 1951.

Count 2 charges on October 7, 2006, in the Southern District of New York, Antigua and others robbed certain individuals in an apartment located at 2401 Davidson Avenue in the Bronx, NY of the proceeds of a construction business, in violation of 18 U.S.C. § 1951 & 2.

Count 3 charges in the summer of 2007, in the Southern

2

District of New York, Antigua and others robbed individuals at a gambling spot located on Amsterdam Avenue in New York, NY, in violation of 18 U.S.C. §§ 1951 & 2.

Count 4 charges that on October 7, 2006, in the Southern District of New York, Antigua carried, possessed and brandished a firearm during and in relation to a crime of violence as charged in Count 2 of the Information, in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii) & 2.

Count 5 charges that in the summer of 2007, in the Southern District of New York, Antigua carried, possessed and brandished a firearm during and in relation to a crime of violence as charged in Count 3 of the Information, in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii) & 2.

Count 6 charges that from at least 2003 through 2008, in the Southern District of New York, Antigua carried, possessed and brandished a firearm during and in relation to a crime of violence as charged in Count 3 of the Information, in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii) & 2.

3

On October 30, 2009, Antigua appeared before the Honorable Gabriel W. Gorenstein in the Southern District of New York and allocated to his criminal conduct as charged without the benefit of a plea agreement.

Antigua's sentencing is currently scheduled for March 26, 2012.

**The Sentencing Framework**

In accordance with the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005), and the Second Circuit's decision in United States v. Crosby, 397 F.3d 103 (2d Cir. 2005), the sentence to be imposed was reached through consideration of all of the factors identified in 18 U.S.C. § 3553(a), including the advisory Guidelines. Thus, the sentence to be imposed here is the result of a consideration of:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed —
>
> > (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> >
> > (B) to afford adequate deterrence to criminal

4

conduct;

   (C)   to protect the public from further crimes of
         the defendant; and

   (D)   to provide the defendant with needed
         educational or vocational training, medical
         care, or other correctional treatment in the
         most effective manner;

(3)   the kinds of sentences available;

(4)   the kinds of sentence and the sentencing range
      established for —

   (A)   the applicable category of offense committed
         by the applicable category of defendant as
         set forth in the guidelines . . .;

(5)   any pertinent policy statement . . . [issued
      by the Sentencing Commission];

(6)   the need to avoid unwarranted sentence
      disparities among defendants with similar
      records who have been found guilty of
      similar conduct; and

(7)   the need to provide restitution to any victims of
      the offense.

18 U.S.C. § 3553(a). A sentencing judge is permitted to find

all the facts appropriate for determining a sentence, whether

that sentence is a so-called Guidelines sentence or not. See

Crosby, 397 F.3d at 114-15.

**The Defendant**

5

The Court adopts the facts set forth in the Presentence Investigation Report ("PSR") with respect to Antigua's personal and family history.

## The Offense Conduct

The following description draws from the PSR. The specific facts of the underlying conduct are adopted as set forth in that report. The following information was obtained from the U.S. Attorney's Office, as well as various Court documents and agency reports, and is based upon an investigation conducted by the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF).

From at least October 2006 through November 2006, Antigua, Joe Proventud ("Proventud"), Edwin Jimenez ("Jimenez"), Orlando Moore ("Moore"), and others were members of a robbery crew that conspired to commit home-invasion robberies, primarily of narcotics traffickers in Bronx, NY. The following represent the specific overt acts committed by members of the robbery crew during the course of the conspiracy, in which Antigua was directly involved.

On October 7, 2006, at approximately 1:30 a.m., Antigua, Proventud, Jimenez, Moore and others robbed an individual of the proceeds of a construction business inside of an apartment located at 2401 Davidson Avenue, Bronx, NY. Specifically, a woman who had dated the owner of the construction company "set him up" by providing information to Moore's coconspirators concerning the whereabouts of the victim and the location of his residence. The crew, armed with guns, subsequently waited for the victim to return home, forced him to open the door and ransacked the apartment while searching for payroll money and jewelry, during which time the victim and his son were restrained. Additionally, one of the robbers took a sword from the home and stabbed the owner in the buttocks when they had difficulty locating the expected money. Moore and his coconspirators ultimately stole $400, one cellular telephone and various jewelry from the victim.

In the Summer of 2007, Antigua and others robbed individuals of the proceeds of a gambling spot located on Amsterdam Avenue, in New York, NY. Antigua was armed with a firearm.

7

Following an investigation, Antigua and Jimenez were arrested on September 30, 2008.

In a post-arrest statement, Antigua acknowledged that he committed the following robberies:

| NO. | Approx. Date | Location | Burglary or Robbery | Item(s) Stolen |
|---|---|---|---|---|
| 1 | Summer of 2004 or 2005 | 639-645 West 207th St., Bronx, NY | Robbery | Nothing |
| 2 | December 2004 | 1001 Jerome Ave., Bronx, NY | Robbery | 10 kilograms of cocaine; $200,000; jewelry |
| 3 | Early 2005 | 186th St. And Audubon Ave., New York, NY | Robbery | Nothing |
| 4 | February 2005 or March 2005 | 517 West 180th St., Bronx, NY | Robbery | Approx. $36,000 |
| 5 | March 2005 | 112 East 182nd St., Bronx, NY | Robbery | 5 kilograms of cocaine; approx. $2,000; jewelry |
| 6 | Summer 2005 | 581-589 Academy St., Bronx, NY | Robbery | Nothing |
| 7 | Summer 2005 | 2260 University Ave., Bronx, NY | Robbery | Approx. $20,000; jewelry |

| NO. | Approx. Date | Location | Burglary or Robbery | Item(s) Stolen |
|---|---|---|---|---|
| 8 | November 2006 | Queens County, NY | Robbery | Approx. $50,000 |
| 9 | November 2006 | 150 West Broadway, New York, NY | Robbery | 2 kilograms of cocaine; $38,000 |
| 10 | 2007 | Bronx, NY | Robbery | Nothing |
| 11 | January 2007 | 505 West 183rd St., New York, NY | Attempted Robbery | Speakers and cigarettes |
| 12 | January 2007 or February 2007 | 2402 St. Raymond Ave., Bronx, NY | Robbery | 9 kilograms of cocaine; approx. $4,000 |
| 13 | Summer 2007 | 115 East 172nd St., Bronx, NY | Robbery | Approx. $500,000 |
| 14 | Summer 2007 | 180th St. And Gerard Ave., Bronx, NY | Burglary | Nothing |
| 15 | August 2007 | 103 East 169th St., Bronx, NY | Robbery | Approx. $45,000 |
| 16 | September 2007 | Bronx, NY | Robbery | Approx. $38,000; prescription pills |
| 17 | November 2007 | 4568-4570 Manhattan College Pkwy, Bronx, NY | Robbery | 1.5 kilograms of cocaine; approx. $5,000 to $6,000 |
| 18 | Early 2008 | 1764 Walton Ave. Bronx, NY | Robbery | Nothing |
| 19 | Early 2008 | 165 Hillside Ave., New York, NY | Robbery | Nothing |

| NO. | Approx. Date | Location | Burglary or Robbery | Item(s) Stolen |
|---|---|---|---|---|
| 20 | January 2008 | Queens County, NY | Robbery | Nothing |
| 21 | February 12, 2008 | University and Tremont Aves., Bronx, NY | Robbery | Approx. $800; jewelry |
| 22 | February 2008 | Philadelphia, PA | Robbery | Approx. $42,000 |
| 23 | February 2008 | 2257 University Ave., Bronx, NY | Attempted Robbery | Nothing |
| 24 | February 2008 | 704 West 18th St., New York, NY | Robbery | Nothing |
| 25 | March 2008 | 548 Isham St., New York, NY | Robbery | Nothing |
| 26 | June 2008 | 2 Ellwood St., New York, NY | Robbery | Approx. $38,000 |
| 27 | July 2008 | 1363 Findlay Ave., Bronx, NY | Robbery | Approx. $3,000; jewelry; bootleg DVDs |
| 28 | August 2008 | 1184 Cromwell Ave., Bronx, NY | Attempted Robbery | Nothing |
| 29 | September 2008 | 3235 Riverdale Ave., Bronx, NY | Attempted Robbery | Nothing |
| 30 | Unknown | 186th St. and Wadsworth Ave., New York, NY | Robbery | Approx. $20,000; Uzi 9 millimeter & .38 Dillinger guns |

| NO. | Approx. Date | Location | Burglary or Robbery | Item(s) Stolen |
|---|---|---|---|---|
| 31 | Unknown | 615 West 184th St., New York, NY | Robbery | 3 kilograms of cocaine |
| 32 | Unknown | 2025 Walton Ave., Bronx, NY | Robbery | Nothing |
| 33 | Unknown | 480 East 180th St., Bronx, NY | Robbery | Nothing |
| 34 | Unknown | 1253 St. Nicholas Ave., New York, NY | Robbery | 3 to 4 kilograms of cocaine. |

During the course of the robberies, Antigua possessed firearms on two occasions. Additionally, a total of approximately $1,043,200 was stolen during the commission of these robberies.

Antigua is responsible for conspiring to distribute and possess with intent to distribute approximately 34.5 kilograms of cocaine.

In a post-arrest statement, Antigua also acknowledged that he conspired to distribute and possess with intent to distribute 350 grams of crack, 2 kilograms of heroin and 10 pounds of marijuana during the lifetime of the conspiracy.

11

**The Relevant Statutory Provisions**

For Counts 1-3, pursuant to 18 U.S.C. § 1951, the maximum term of imprisonment is 20 years. For Count 4, the mandatory minimum term of imprisonment is 7 years and the maximum term is life, which must be imposed consecutive to any other term imposed, pursuant to 18 U.S.C. § 942(c)(1)(A)(ii). For Count 5, the mandatory minimum term of imprisonment is 25 years and the maximum term is life, which must be imposed consecutive to any other term imposed, pursuant to 18 U.S.C. § 942(c)(1)(A)(ii). For Count 6, the mandatory minimum term of imprisonment is 10 years and the maximum term of imprisonment is life, pursuant to 21 U.S.C. § 846.

For Counts 1-3, if a term of imprisonment is imposed, pursuant to 18 U.S.C. § 3583(b)(2), a term of supervised release of not more than 3 years may be imposed. For Counts 4 and 5, if a term of imprisonment is imposed, a term of supervised release of not more than 5 years may be imposed, pursuant to 18 U.S.C. § 3583(b)(1). For Count 6, if a term of imprisonment is imposed, a term of at least 5 years' supervised release is required, pursuant to 21 U.S.C. § 846. Such terms of supervised release

run concurrently, pursuant to 18 U.S.C. § 3624(e).

For Counts 1-3, the Defendant is not eligible for probation because he is being sentenced at the same time to a term of imprisonment on a different count or case, pursuant to 18 U.S.C. § 3561(a)(3). For Counts 4-6, the Defendant is not eligible for probation because the instant offense is one for which probation has been expressly precluded by statute, pursuant to 21 U.S.C. §§ 846 & 924(c)(1)(A)(ii).

For Counts 1-5, the maximum fine that may be imposed is $250,000 per count, pursuant to 18 U.S.C. § 3571. For Count 6, the maximum fine that may be imposed is the $4,000,000, pursuant to 21 U.S.C. § 846. A special assessment of $100 per count, for a total of $600, is mandatory, pursuant to 18 U.S.C. § 3013.

Pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461, as a result of committing the offenses alleged in Counts 1-3, forfeiture to the U.S. of all property real and personal involved in the offense or traceable to such offense is required. Pursuant to 18 U.S.C. § 853, as a result of committing the offense alleged in Count 6, forfeiture to the

13

U.S. of all property real and personal involved in the offense or traceable to such offense is required.

**The Guidelines**

The November 1, 2011 edition of the United States Sentencing Commission Guidelines Manual has been used in this case for calculation purposes, pursuant to § 1B1.11(a).   The Court finds the following with respect to Defendant's applicable offense level, criminal history, recognition of responsibility, and term of imprisonment:

Pursuant to § 1B1.2(d), a conviction on a count charging a conspiracy to commit more than one offense shall be treated as if the defendant had been convicted on a separate count of conspiracy for each offense that the defendant conspired to commit.   As this conspiracy involved several robberies in violation of 18 U.S.C. § 1951, the applicable guideline is § 2B3.1, which provides a base offense level of 20. Furthermore, pursuant to § 3D1.2, each robbery must be calculated separately as they represent separate harms.   As a number of the robberies are similar in nature, with similar circumstances, the Guidelines have been calculated for

14

"clusters" of robberies.   The offense level represents the offense level for each robbery.

For Count 1, robberies 1, 3, 6, 10, 11, 14, 18 through 20, 23 through 25, 28, 29 and 31 through 34, the Guideline for a violation of 18 U.S.C. § 1951 is found in § 2B3.1, which provides for a base offense level of 20, pursuant to § 2B3.1(a). Because the taking of a controlled substance was an object of the offense, a one-level increase is warranted, pursuant to § 2B3.1(b)(6).  The adjusted offense level for these robberies is therefore 21.

For Count 1, robberies 2 and 8, the Guideline for a violation of 18 U.S.C. § 1951 is found in § 2B3.1, which provides for a base offense level of 20, pursuant to § 2B3.1(a). Because the taking of a controlled substance was an object of the offense, a one-level increase is warranted, pursuant to § 2B3.1(b)(6).  Because the loss amount was more than $50,000, a two-level enhancement is warranted, pursuant to § 2B3.1(b)(7)(C).  The adjusted offense level for these robberies is therefore 23.

For Count 1, robberies 4, 7, 9, 15, 16, 22, 26 and 30,

15

the Guideline for a violation of 18 U.S.C. § 1951 is found in §
2B3.1, which provides for a base offense level of 20, pursuant
to § 2B3.1(a).  Because the taking of a controlled substance was
an object of the offense, a one-level increase is warranted,
pursuant to § 2B3.1(b)(6).  Because the loss amount was more
than $10,000, a one-level enhancement is warranted, pursuant to
§ 2B3.1(b)(7)(B).  The adjusted offense level for these
robberies is therefore 22.

For Count 1, robberies 5, 12, 17, 21, 27, and 2401
Davidson Avenue, the Guideline for a violation of 18 U.S.C. §
1951 is found in § 2B3.1, which provides for a base offense
level of 20, pursuant to § 2B3.1(a).  Because the taking of a
controlled substance was an object of the offense, a one-level
increase is warranted, pursuant to § 2B3.1(b)(6).  Because the
loss amount was $10,000 or less no enhancement is warranted,
pursuant to § 2B3.1(b)(7)(A).  The adjusted offense level for
these robberies is therefore 21.

For Count 1, robbery 13, the Guideline for a violation
of 18 U.S.C. § 1951 is found in § 2B3.1, which provides for a
base offense level of 20, pursuant to § 2B3.1(a).  Because the
taking of a controlled substance was an object of the offense, a

16

one-level increase is warranted, pursuant to § 2B3.1(b)(6). Because the loss amount was more than $250,000, a three-level increase is warranted, pursuant to § 2B3.1(b)(7)(D). The adjusted offense level for this robbery is therefore 24.

For Count 2, the robbery at 2401 Davidson Avenue in the Bronx, NY, the Guideline for a violation of 18 U.S.C. § 1951 is found in § 2B3.1, which provides for a base offense level of 20, pursuant to § 2B3.1(a). Because the Defendant has also been convicted under 18 U.S.C. § 924(c) (Use of a Firearm in Relation to a Crime of Violence), an enhancement under § 2B3.1(b)(2) is not applicable, pursuant to § 2K2.4, Application Note #4. Because a victim sustained bodily injury, a two-level increase is warranted, pursuant to § 2B3.1(b)(3)(A). Because a victim was restrained, a two-level increase is warranted pursuant to § 2B3.1(b)(4)(B). Because the taking of a controlled substance was an object of the offense, a one-level increase is warranted, pursuant to § 2B3.1(b)(6). The adjusted offense level for this robbery is therefore 25.

For Count 3, the robbery on Amsterdam Avenue in New York, NY, the Guideline for a violation of 18 U.S.C. § 1951 is found in § 2B3.1, which provides for a base offense level of 20,

17

pursuant to § 2B3.1(a). Because the Defendant has also been convicted under 18 U.S.C. § 924(c) (Use of a Firearm in Relation to a Crime of Violence), an enhancement under § 2B3.1(b)(2) is not applicable, pursuant to § 2K2.4, Application Note #4. Because the taking of a controlled substance was an object of the offense, a one-level increase is warranted, pursuant to § 2B3.1(b)(6). The adjusted offense level for this robbery is therefore 21.

For Count 6, the Guideline for a violation of 21 U.S.C. § 841(b)(1)(A) is found in § 2D1.1. According to the Offense Conduct section, the Defendant's criminal activity involved a conspiracy to distribute and possess with intent to distribute approximately 34.5 kilograms of cocaine, 350 grams of crack, 2 kilograms of heroin, and 10 pounds of marijuana.

Based on the Drug Equivalency Table, 34.5 kilograms of cocaine is equivalent to 6,900 kilograms of marijuana; 350 grams of crack is equivalent to approximately 1,250 kilograms of marijuana; 2 kilograms of heroin is equivalent to 2,000 kilograms of marijuana; and 10 pounds of marijuana is equivalent to approximately 4.5 kilograms of marijuana. All of the illicit substances combined equal a total marijuana equivalency weight

18

of approximately 10,155 kilograms.   Pursuant to the Drug Quantity Table set out in § 2D1.1(c)(2), the base offense level is 36.

Pursuant to § 3D1.4, the multiple count adjusted offense level for Count 2 is 36 and the combined adjusted offense level is 36.

Based on his plea allocution, Defendant has shown recognition of his responsibility for the offense.   Pursuant to § 3E1.1(a), the offense is reduced two levels.   Furthermore, an additional one-level reduction is warranted, pursuant to § 3E1.1(b), because Defendant gave timely notice of his intention to enter a plea of guilty, thereby permitting the Government to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

Accordingly, the applicable offense level for Counts 1-3 and 6 is 33.

Pursuant to § 2K2.4(b), if the defendant, whether or not convicted of another crime, was convicted of violating 18 U.S.C. § 924(c), the Guideline sentence is the minimum term of

imprisonment required by statute.  Count 4 charges the Defendant with carrying, possessing and brandishing firearms in relation to the robbery as charged in Count 2, and carries a  mandatory 84 months' imprisonment to run consecutive to any other sentence imposed by the Court, pursuant to § 2K2.4(b).  Count 5 charges the Defendant with carrying, possessing and brandishing firearms in relation to the robbery as charged in Count 3, and carries a mandatory 300 months' imprisonment to run consecutive to any other sentence imposed by the Court, pursuant to § 2K2.4(b).

On September 19, 1998, Antigua was arrested and charged with one count of criminal possession of marijuana in the fifth degree.  On December 3, 1998, Defendant pleaded guilty and was sentenced in the Bronx County Criminal Court to conditional discharge and 3 days' community service.  Pursuant to § 4A1.1(c) and § 4A1.2(e)(2), this conviction warrants one criminal history point.

On July 29, 1999, Antigua was arrested and charged with attempted burglary in the first degree.  On October 23, 2001, in the New York County Supreme Court, Defendant pleaded guilty.  On November 19, 2001, Antigua was sentenced to 42 months' imprisonment.  On August 20, 2004, Defendant was

paroled.   On September 16, 2006, Antigua's parole was revoked (violation) and restored.   On March 31, 2008, Antigua's parole was revoked (violation) and he was committed.   On June 12, 2008, Defendant was released from state custody on maximum expiration of date of sentence.   Pursuant to § 4A1.1(a) and § 4A1.2(e)(1), this warrants three criminal history points.

The criminal convictions above result in a subtotal criminal history score of four.

At the time the instant offense was committed, Antigua was under parole supervision.   Pursuant to § 4A1.1(d), two criminal history points are therefore added.

A total of six criminal history points establishes a Criminal History Category of III, pursuant to the table at Chapter 5, Part A, of the Guidelines.

For Counts 1-3 and 6, based on a total offense level of 33 and a Criminal History Category of III, the Guidelines range for imprisonment is 168 to 210 months.   For Count 4, pursuant to § 2K2.4(b), Defendant must be sentenced to 84 months' imprisonment to run consecutive to any other sentence

imposed by the Court.  For Count 5, pursuant to § 2K2.4(b), Defendant must be sentenced to a term of at least 300 months' imprisonment, which must be imposed consecutive to any other term imposed.  Thus, the Guidelines range of imprisonment is 552 to 594 months.

For Counts 1-3, the Guidelines range for a term of supervised release is at least 1 year, but not more than three years, pursuant to § 5D1.2(a)(2).  For Counts 4 and 5, Guidelines range for a term of supervised release is 2 to 5 years, pursuant to § 5D1.2(a)(1).  For Count 6, the Guidelines range for a term of supervised release is five years, pursuant to § 5D1.2(c).

Because the applicable Guideline range is in Zone D of the Sentencing Table, the Defendant is not eligible for probation, pursuant to § 5B1.1, Application Note #2.

The fine range for the instant offense is from $17,500 to $4 million, pursuant to § 5E1.2(c)(3) and (4)(a).  Subject to Defendant's ability to pay, in imposing a fine, the Court shall consider the expected costs to the Government of any imprisonment, probation, or supervised release pursuant to

§ 5E1.2(d)(7).   The most recent advisory from the Administrative
Office of the United States Courts suggests a monthly cost of
$2,357.01 to be used for imprisonment, a monthly cost of $328.20
for supervision, and a monthly cost of $2,153.22 for community
confinement.

Pursuant to § 5E1.4, forfeiture is to be imposed upon
a convicted defendant as provided by statute.

**The Remaining Factors of 18 U.S.C. § 3553(a)**

Having engaged in the Guidelines analysis, this Court
also gives due consideration to the remaining factors identified
in 18 U.S.C. § 3553(a) to impose a sentence "sufficient, but not
greater than necessary," as is required by the Supreme Court's
decision in Booker, 543 U.S. 220, and the Second Circuit's
decision in Crosby, 397 F.3d 103.

In light of the Court's statutory responsibility "to
'impose a sentence sufficient, but not greater than necessary'
to accomplish the goals of sentencing," Kimbrough v. United
States, 552 U.S. 85, 102 (2007) (quoting 18 U.S.C. § 3553(a)),
and having considered the Guidelines and all of the factors set

23

forth in § 3553(a), it is concluded that the imposition of a Guidelines sentence is warranted.

## The Sentence

For the instant offense, Antigua will be sentenced to 552 months' imprisonment and 5 years' supervised release.

Antigua is directed to report to the nearest United States Probation Office within seventy-two hours of release to commence his term of supervised release. It is recommended that Defendant be supervised by the district of his residence.

As mandatory conditions of his supervised release, Defendant shall: (1) not commit another federal, state, or local crime; (2) not illegally possess a controlled substance; (3) not possess a firearm or destructive device; and (4) cooperate in the collection of DNA as directed by the probation officer. The mandatory drug testing condition is suspended due to the imposition of a special condition requiring drug treatment and testing.

Furthermore, the standard conditions of supervision

24

(1-13), set forth in the judgment, shall be imposed with the additional special conditions:

(1)   The Defendant shall participate in a program approved by the United States Probation Office, which program may include testing to determine whether the defendant has reverted to using drugs or alcohol.   The Court authorizes the release of available drug treatment evaluations and reports to the substance abuse treatment provider, as approved by the Probation Officer.   The Defendant shall be required to contribute to the costs of services rendered (co-payment), in an amount determined by the probation officer, based on ability to pay or availability of the third-party payment

(2)   Defendant shall submit his person, residence, place of business, vehicle, or any other premises under his control to a search on the basis that the probation officer has reasonable belief that contraband or evidence of a violation of the conditions of the release may be found.   The search must be conducted at a reasonable time and in a reasonable manner. Failure to submit to a search may be grounds for revocation. Defendant shall inform any other residents that the premises may be subject to search pursuant to this condition.

25

(3)   Defendant shall obey the immigration laws and comply with the directives of immigration authorities.

In consideration of all the factors set forth in 18 U.S.C. § 3572(a), it does not appear that the Defendant is able to pay a fine, and so the fine in this case shall be waived.

As a result of committing the offenses alleged, Defendant shall forfeit to the United States all property real and personal involved in the offenses alleged in Counts 1-3 and 6 or traceable to such offenses.

A special assessment of $600, payable to the United States, is mandatory and shall be due immediately.

The terms of this sentence are subject to modification at the sentencing hearing scheduled for March 26, 2012.

It is so ordered.

New York, NY
March 2 / , 2012

_____
ROBERT W. SWEET
U.S.D.J.

26